## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

GOOD BANANA, LLC,

              Plaintiff,

      v.

BML REC, LLC,

              Defendant.

Case No.  3:20-CV-1368

October 6, 2020

## DEFENDANT BML REC, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER FOR LACK OF PERSONAL JURISDICTION

Defendant, BML Rec, LLC ("BML") respectfully submits this Memorandum of Law in support of its Motion to Dismiss or Transfer Plaintiff Good Banana, LLC's ("Good Banana" or the "Plaintiff") Complaint (the "Complaint") for lack of personal jurisdiction in Connecticut (the "Motion"). BML respectfully requests oral argument on its motion if oral argument would be helpful to the Court in determining that BML has insufficient contacts with Connecticut for an exercise of personal jurisdiction over BML.

## INTRODUCTION

Even when construing all facts in the light most favorable to Good Banana, BML lacks the requisite minimum contacts with the state of Connecticut to support the exercise of personal jurisdiction over BML. BML is a corporation organized under the laws of Nebraska, and its principal place of business is Omaha, Nebraska. BML has done no work of any kind in Connecticut regarding any of the intellectual property put at issue in this litigation. Absent sufficient minimum contacts with Connecticut, personal jurisdiction cannot be exercised over a

**ORAL ARGUMENT REQUESTED**

foreign defendant. As such, BML is not subject to this lawsuit in Connecticut.

BML's only contacts with the State of Connecticut are the two former Big Mouth, LLC employees that BML hired after an asset sale in Indiana. Both employees work remotely from their homes in Connecticut (one has now moved to New York), and at no time during their employ with BML have had anything to do with the intellectual property at issue in this case. As case law from the State of Connecticut, the Second Circuit, and the United States Supreme Court demonstrates, these contacts, without more, are insufficient to support the exercise of personal jurisdiction over BML in Connecticut under either Connecticut's long arm statute or the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Personal jurisdiction over BML is lacking because BML does not fall within any of the statutory circumstances established by Conn. Gen. Stat. § 52-59b. BML has never transacted business in Connecticut; has never committed any torts within the State of Connecticut; has never committed a tort causing injury to someone within the State of Connecticut, has never owned, used, or possessed any real property within State of Connecticut; and has never used a computer within the State of Connecticut. Furthermore, Plaintiff's cause of action did not arise from any of BML's business activities within Connecticut. Indeed, the intellectual property rights at issue in the parties' dispute were purchased by BML from a Receiver appointed by the Commercial Court of Marion County, Indiana, Cause No.: 49D01-2004-PL-014426. As such, an exercise of personal jurisdiction over BML in Connecticut would exceed the limits of jurisdiction over out of state defendants.

In addition to exceeding the limits of Connecticut's long arm statute, an exercise of personal jurisdiction over BML here would also exceed the limits of due process under the Fourteenth Amendment of the United States Constitution. BML lacks sufficient minimum

contacts with the State of Connecticut to satisfy the Constitution's requirement that exercises of jurisdiction over foreign defendants comport with "traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923, 131 S. Ct. 2846, 2853, 180 L. Ed. 2d 796 (2011). Accordingly, it is appropriate for this Court to grant BML's Motion and dismiss Good Banana's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(2), or to transfer this case to a forum which has personal jurisdiction over BML such as Nebraska.

## BACKGROUND

This case involves Plaintiff's unsubstantiated claims of ownership as to various items of BML's intellectual property which specifically involve designs for a couple of new inflatable products for kids. Complaint ¶ 1. These designs once belonged to two Indiana entities— BigMouth Inc. and BigMouth LLC (individually and collectively, "BigMouth")—which were formerly in the business of creating, distributing, and directing the sale of various toys, inflatables, mugs, glasses, trinkets, novelties, and other low cost items primarily for end-point sale to consumers.

On or about April 25, 2020, a receiver (the "Receiver") was appointed by the Commercial Court of Marion County, Indiana, Cause No.: 49D01-2004-PL-014426, to oversee and liquidate BigMouth's business. In an asset purchase agreement dated July 17, 2020 (the "APA"), the Receiver sold BML "[a]ll [of the] intellectual property" belonging to BigMouth. A true and correct copy of the APA is attached to the Declaration of Jason Koranda.

At the time of the APA's signing, both the Receiver and BigMouth were domiciled in Indiana; BML was (and remains) a Nebraska limited liability company with its principle place of business in Omaha, Nebraska. (Declaration of Jason Koranda, ¶3). BML maintains no office in

3

Connecticut, produces no goods in Connecticut, and sells none of the products at issue in Connecticut. (Decl. Koranda, ¶¶13-15). Indeed, BML's has had only two contacts with the State of Connecticut, none of which related to the designs at issue and as such are insufficient for an exercise of personal jurisdiction over BML, as discussed below.

At some time after the signing of the APA and unrelated to the APA itself, BML hired two former Big Mouth employees—Kerry Dougan and Matt Famigletti—who desired to work remotely from their homes in Connecticut. (Declaration of Kerry Dougan, ¶¶3-4; Declaration of Matt Famigletti, ¶¶3-4; Decl Koranda, ¶¶7-10). BML sought to accommodate these employees and permitted them to work remotely from their homes. (Decl Koranda, ¶¶6-7). One of these employees has since left Connecticut, and moved to the State of New York. (Decl Dougan, ¶¶5-7; Decl Koranda, ¶¶7-8). Neither employee is responsible for—or permitted to—cultivate a business presence on BML's behalf in the State of Connecticut, and neither employee's job duties with BML relate, in any way, to the designs which are in dispute in this suit. Additionally, neither employee has performed any work for BML that relates, in any way, to the designs. (Decl Dougan ¶¶8-9; Decl Famigletti ¶¶7-8; Decl Koranda, ¶¶6; 9).

On August 21, 2020, BML sent a demand letter to Good Banana's counsel, advising Good Banana to cease and desist from use of the products/designs now at issue in this case (the "Cease and Desist Letter"). (Decl. Koranda, ¶18). Good Banana responded by filing this declaratory judgment action, but it did so in Connectictu. As BML lacks sufficient minimum contacts with Connecticut, its Motion is proper and it asks that the case be dismissed or transferred to another district which has personal jurisdiction over BML, such as the District of Nebraska.

## LEGAL STANDARD

"In a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the 'plaintiff bears the burden of showing the court has jurisdiction over the defendant,' and the 'burden is apportioned based on how far the case has progressed.'" *NovaFund Advisors, LLC v. Capitala Grp.*, LLC, No. 3:18-CV-1023 (MPS), 2019 WL 1173019, at *4 (D. Conn. Mar. 13, 2019) (citing *Corning Inc. v. Shin Etsu Quartz Products Co.*, 242 F.3d 364, at *2 (2d Cir. 2000) (summary order)). "The district court has considerable procedural leeway in deciding 12(b)(2) motions, and it may accept affidavits if it so chooses." *Id.* "[W]here ... the district court relies solely on the pleadings and supporting affidavits, the plaintiff need only make a prima facie showing of jurisdiction." *Id.* "[W]here the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." *Id.*

"For purposes of this initial inquiry [into jurisdiction], a distinction is made between 'specific' jurisdiction and 'general' jurisdiction. Specific jurisdiction exists when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum; a court's general jurisdiction, on the other hand, is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567–68 (2d Cir. 1996). "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's "continuous and systematic general business contacts." *Metro. Life Ins. Co.*, 84 F.3d at 568. "[A] state has the

power to exercise judicial jurisdiction over an individual who causes effects in the state by an act done elsewhere with respect to any action arising from these effects unless the nature of the effects and of the individual's relationship to the state makes the exercise of such jurisdiction unreasonable." *Corning Inc. v. Shin Etsu Quartz Prod. Co.*, 242 F.3d 364 (2d Cir. 2000).

## **ARGUMENT**

Plaintiff has failed to carry its *prima facie* burden of demonstrating that this Court has personal jurisdiction over BML. Furthermore, Plaintiff cannot carry this burden in that BML lacks sufficient minimum contacts with the State of Connecticut to support this Court's exercise of jurisdiction. BML's only contacts with the State of Connecticut are BML's two employees who work remotely from their homes in Connecticut, whose job duties with BML have nothing to do with the subject matter of this lawsuit. For the reasons discussed below, these contacts are insufficient to bring BML within the scope of Connecticut's applicable long-arm statute, and are insufficient to satisfy the requirements of due process. Accordingly, it is appropriate for this Court to dismiss Good Banana's Complaint in its entirety or else transfer this case to a district which has personal jurisdiction over BML.

## **I. The Exercise of Personal Jurisdiction Here Would Exceed the Limits of This Court's Jurisdiction Under Conn. Gen. Stat. §52-59b.**

This Court lacks personal jurisdiction over BML because BML does not fall within any of the circumstances giving rise to jurisdiction over out of state LLCs as established by Connecticut's applicable long-arm statute—Connecticut General Statute § 52-59b. As such, it is appropriate for this Court to dismiss Good Banana's Complaint in its entirety or else transfer this case to a district which has personal jurisdiction over BML.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons. This is because a federal district court's authority to assert personal jurisdiction in

most cases is linked to service of process on a defendant 'who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.' " *Walden v. Fiore*, 571 U.S. 277, 283, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014) (citing Fed. Rule of Civ. Proc. 4(k)(1)(A)). "In assessing whether personal jurisdiction is authorized, the court must look first to the long-arm statute of the forum state. If the exercise of jurisdiction is appropriate under that statute, the court must decide whether such exercise comports with the requisites of due process." *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 208 (2d Cir. 2001).

Connecticut's general long-arm jurisdiction provision, Conn. Gen. Stat. § 52-59b, applies to foreign LLCs like BML. *See Matthews v. SBA, Inc.*, 149 Conn. App. 513, 546 (2014) (holding that Connecticut's "general long arm jurisdiction provision, § 52-59b, rather than [Connecticut's] corporation specific long arm provision, § 33-929, applies to foreign LLCs"), cert. denied, 312 Conn. 917 (2014). Connecticut General Statute § 52-59b provides:

> "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, foreign partnership or foreign voluntary association, … who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer, as defined in subdivision (1) of subsection (a) of section 53-451, or a computer network, as defined in subdivision (3) of subsection (a) of said section, located within the state."

"To establish jurisdiction under this section, the plaintiff also must show that its cause of action arises from the defendant's business activity in the state." *Needle v. True N. Equity, LLC*, No. 3:19-CV-372 (MPS), 2020 WL 1550219, at *3 (D. Conn. Apr. 1, 2020) (citing *Protegrity Corp. v. TokenEx, LLC*, No. 3:13-CV-1719, 2015 WL 222163, at *2 (D. Conn. Jan. 14, 2015)).

Good Banana has not alleged that BML ever transacted any business within Connecticut, owned any real property within Connecticut, or used any computers within the State of Connecticut. Furthermore, Good Banana has not alleged that BML ever committed any torts within the state of Connecticut, and does not allege that BML ever so much as entered the state. In its Complaint, Good Banana raises three claims: (1) misappropriation of trade secrets; (2) declaratory judgment and permeant injunction; and (3) unjust enrichment. (Complaint ¶ 27-48). None of Good Banana's claims are supported by any factual allegations that BML committed any tortious acts within the State of Connecticut, nor could it because BML has taken no actions on the designs/products at issue in Connecticut to date.

Good Banana may be tempted to rely on subsection (a)(3): "[a defendant] commits a tortious act outside the state causing injury to person or property within the state." Conn. Gen. Stat. § 52-59b(a)(3). Good Banana, however, does not allege that its injury, in fact, even occurred within Connecticut. Again, nor could it, because BML has taken no actions on the designs/products at issue in Connecticut to date. Indeed, neither the Second Circuit nor this District have yet had the opportunity to squarely address the question of where the "injury" actually occurs in claims of misappropriation of trade secrets or product designs. While there is a great deal of disagreement among the courts which have addressed this issue, the most persuasive view holds that the situs of the injury for personal jurisdiction purposes is the place where the sale of the good or service allegedly infringing upon the intellectual property took place. *See e.g., Honeywell, Inc. v. Metz Apparatewerke*, 509 F.2d 1137, 1143 (7th Cir. 1975) (observing that, under Illinois's long arm statute, the injury in an intellectual property dispute occurs in the state where the tortious act was allegedly committed); *Interface Biomedical Labs. Corp. v. Axiom Med., Inc*., 600 F. Supp. 731, 740 (E.D.N.Y. 1985) (observing that "intangible

property has no actual situs and the fictional presence accorded such property by law can have no jurisdictional significance") (internal citations omitted); *see also Troma Entm't, Inc. v. Centennial Pictures Inc*., 729 F.3d 215, 220 (2d Cir. 2013) (observing, in a case by a New York-based movie producer against non-resident alleged infringers, that such an infringement case was "more like traditional commercial tort cases in which the place where the plaintiff's business is lost or threatened exerts a significant gravitational influence" on the question of whether an injury occurred within or without the forum state for personal jurisdiction purposes); *but see Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, n. 4 (2d Cir. 2010) (observing that the question of where an injury lies for jurisdictional purposes has not been squarely addressed within the Second Circuit, and noting the divergence of viewpoints on the question). Here, all of the alleged facts indicate that the dispute over the designs occurred in Indiana and that Indiana is where BML purchased the designs. Furthermore, to date, BML has not yet developed any of the designs, and no work on such designs has ever been performed by BML in Connecticut. (Decl. Koranda, ¶6).

In any case, this Court need not resolve the question of where the injury occurs in an intellectual property dispute here, in that Good Banana has also failed to establish (and cannot establish) that "its cause of action arises from" BML's business activities conducted within Connecticut. *Needle*, 2020 WL 1550219, at *3 (noting that, under § 52-59b, a plaintiff must <u>also</u> demonstrate "that its cause of action [arose] from the defendant's business activit[ies] in the state"). Indeed, Plaintiff cannot establish that its cause of action arises from BML's business activities within Connecticut because BML has not engaged in any business activities within Connecticut which relate to the designs or any of the claims asserted by Plaintiff. Employing two individuals who work remotely from their homes in Connecticut—one of whom has since left the

9

state—where neither employee has performed any work pertaining to the dispute alleged in the Complaint while employed by BML, cannot constitute meaningful business activity within Connecticut for personal jurisdiction purposes. *See Statek Corp. v. Coudert Bros. LLP*, No. 3:07-CV-00456 (SRU), 2018 WL 834227, at *14 (D. Conn. Feb. 12, 2018) (finding no personal jurisdiction under § 52-59b where the defendant "never had an office in Connecticut, did not advertise in Connecticut, and did not regularly solicit or do business in Connecticut"). As such, there is no personal jurisdiction over BML under Conn. Gen. Stat. § 52-59b.

In addition to falling wholly outside the scope of Conn. Gen. Stat. § 52-59b, the Due Process Clause of the Fourteenth Amendment prohibits this Court's exercise of personal jurisdiction over BML.

## II.   **The Exercise of Jurisdiction Would Violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.**

The exercise of personal jurisdiction over BML would violate due process because BML lacks sufficient minimum contacts with Connecticut. BML's only contacts with the State of Connecticut are the two employees BML hired who work remotely from their homes in Connecticut—one of whom has since left the state. As these contacts fall far short of the Constitution's requirement that BML "purposely avail" itself of Connecticut's laws as relate to the facts of this dispute, *see Hanson v. Denckla*, 357 U.S. 235, 253 (1958), and in that these contacts are completely unrelated to the claims Good Banana has levied against BML, it is appropriate for this Court to dismiss Good Banana's Complaint in its entirety, or else transfer this case to a district which has personal jurisdiction over BML.

"If the long-arm statute permits personal jurisdiction, the second step is to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution. This analysis has two related components: the "minimum contacts" inquiry and the

"reasonableness" inquiry. With respect to minimum contacts, [a court] must determine whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

A.      ***This Court Lacks General Personal Jurisdiction Over BML because BML is Not Incorporated Under the Laws of Connecticut, Does Not Have Its Principal Place of Business in Connecticut, and Could Not Be Regarded as Being At Home in Connecticut.***

"Our decisions have recognized two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779–80, 198 L. Ed. 2d 395 (2017) (internal citations, brackets, and quotation marks omitted). "The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 118, 134 S. Ct. 746, 749, 187 L. Ed. 2d 624 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S. Ct. 2846, 2853, 180 L. Ed. 2d 796 (2011)). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State." *Bristol-Myers Squibb Co*. 137 S. Ct. at 1780. "[F]or a corporation, [the paradigmatic forum for the exercise of general jurisdiction] is [the] place… in which the corporation is fairly regarded as at home." *Goodyear*, 564 U.S. at 924. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *In re Roman Catholic Diocese of Albany, New York, Inc.*, 745 F.3d 30, 38 (2d Cir. 2014) (citing *Goodyear*). "Goodyear made clear that only a limited

set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* "[T]he Supreme Court … has "declined to stretch general jurisdiction beyond limits traditionally recognized." *Id*. As such, absent an "exceptional case" wherein "a corporation's operations [in a state] ... [are] so substantial and of such a nature as to render the corporation at home in that State," general jurisdiction will be limited to a corporation's place of incorporation and principal place of business." *See In re Roman Catholic Diocese of Albany,* 745 F.3d at 39. "Principal place of business and state of incorporation have the virtue of being unique—that is, each ordinarily indicates only one place—[and they are] easily ascertainable." *Id*. At 38.

Good Banana has not—and cannot—allege sufficient facts to make BML amenable to general personal jurisdiction in Connecticut in that BML is not incorporated under the laws of Connecticut, does not have its principal place of business in Connecticut, and lacks the "substantial operations" within Connecticut such as would make BML "essentially at home" within Connecticut. BML is a limited liability company organized under the laws of Nebraska, having its principal place of business is in Omaha, Nebraska. (Aff. Koranda, ¶3). The scope of BML's business is such that it could not be fairly regarded as being "at home" in any state other than Nebraska. (Aff. Koranda, ¶3). Additionally, BML conducts no "substantial operations" within Connecticut in that it conducts no business within Connecticut at all. The employment of two individuals within Connecticut—one of whom now lives and works in New York—fails to satisfy the requirement that BML be "essentially at home" within Connecticut so as to support an exercise of general personal jurisdiction over BML. As such, BML is not subject to general personal jurisdiction in any state but Nebraska.

**B.**     ***This Court Lacks Specific Personal Jurisdiction Over BML because BML's Two Remote Employees Are Uninvolved in The Facts Giving Rise to This Case and Thus Such Contacts Do Not Amount to the Necessary Minimum Contacts Required for Specific Personal Jurisdiction.***

"Specific jurisdiction is very different [from general jurisdiction]. In order for a… court to exercise specific jurisdiction, <u>the suit must arise out of or relate to the defendant's contacts with the forum.</u>" *Bristol-Myers Squibb*, 137 S. Ct. at, 1780 (internal citations, brackets, and quotation marks omitted) (emphasis added). "For specific jurisdiction to apply, there <u>must be</u> 'an affiliation between the forum and the underlying controversy, often taking the form of an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Statek Corp. v. Coudert Bros. LLP*, No. 3:07-CV-00456 (SRU), 2018 WL 834227, at *13 (D. Conn. Feb. 12, 2018) (internal citations, brackets, and quotation marks omitted). "In short, specific jurisdiction requires that the suit arise out of or relate to the defendant's contacts with the forum. When there is no such connection, specific jurisdiction is lacking <u>regardless</u> of the extent of a defendant's unconnected activities in the State." *Id*. "A corporation's continuous activity of some sorts within a state… is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927, 131 S. Ct. 2846, 2856, 180 L. Ed. 2d 796 (2011) (internal citations omitted).

"[O]ur minimum contacts analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb Co*. 137 S. Ct. at 1780. "For a court to exercise specific jurisdiction over a claim there must be an

affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State. When no such connection exists, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id*. At 1776. "Thus, although a defendant's contacts with the forum state may be intertwined with its transactions or interactions with the plaintiff or other parties, a defendant's relationship with a third party, standing alone, is an insufficient basis for jurisdiction." *U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019) (internal citations, brackets, and quotation marks omitted).

Here, BML's only contacts with Connecticut are two recent employees—one of whom has since moved out of Connecticut—and neither of whom have performed any work for BML on any of the designs at issue. As the Supreme Court has observed, personal jurisdiction cannot be based simply upon a "defendant's contacts with persons who reside" in the forum state. *See Walden*, 571 U.S. at 285. The two employees BML hired after the signing of the APA who work from their homes in Connecticut (one of whom now works from her home in New York) are not involved in the production, marketing, or development of any of the products/designs put at issue by Good Banana's claims, and have not been involved with any of the at-issue products/designs during their respective employments with BML. (Decl. Dougan ¶8-9; Decl. Famigletti ¶7-8; Decl. Koranda, ¶10). Indeed, such unrelated third-party contacts are paradigmatic of the contacts the Supreme Court has held may <u>not</u> serve as the basis for personal jurisdiction over an out-of-state defendant. See *Bristol-Myers Squibb Co*, 137 S. Ct. at 1781 ("a defendant's relationship with a ... third party, standing alone, is an insufficient basis for jurisdiction").

While courts within the Second Circuit have not yet squarely addressed the question of whether a court may exercise personal jurisdiction over foreign companies employing workers

remotely within the forum state, district courts within both the Fourth and Fifth circuits have declined to exercise jurisdiction on facts similar to these. *See e.g.*, *Embry v. Hibbard Inshore, LLC*, No. CV 19-1474, 2019 WL 2744483, at *4 (E.D. La. July 1, 2019), aff'd sub nom. *Embry v. Hibbard Inshore*, L.L.C., 803 F. App'x 746 (5th Cir. 2020) (holding that minimum contacts were <u>not</u> established where a foreign defendant employed only one person in the forum state, and where the defendant did not require that employee to work in the forum) (collecting cases); *Fields v. Sickle Cell Disease Ass'n of Am., Inc.,* No. 5:17-cv-482-FL, 2018 WL 4623645 (E.D.N.C. Sept. 26, 2018) (finding no personal jurisdiction in North Carolina over a Maryland-based defendant where the plaintiff-employee "refused to accept the position with defendant unless she could work remotely" from her North Carolina home and the defendant agreed to accommodate her); *Wright v. Zacky & Sons Poultry, LLC*, 105 F. Supp. 3d 531 (M.D.N.C. 2015) (finding no personal jurisdiction in North Carolina over a California-based defendant-employer that hired a North Carolina resident and acquiesced in the employee remaining in North Carolina). Accordingly, BML's two remote employees, who have had nothing to do with the products/designs at issue in this case during their employ with BML, do not provide an adequate basis for the exercise of personal jurisdiction over BML in Connecticut.

C.   ***This Court Lacks Specific Personal Jurisdiction Over BML because the Cease and Desist Letter BML Sent Into Connecticut Does Not Amount to 'Purposeful Availment' of Connecticut's Laws Sufficient for an Exercise of Personal Jurisdiction.***

Good Banana cannot rely on the demand letter BML sent to Good Banana to cease and desist from use of the products/designs at issue as a "contact" between BML and Connecticut. Before this lawsuit, BML sent a cease and desist letter to Good Banana dated August 21, 2020, advising Good Banana that BML had purchased the rights to the designs now in dispute from the

Receiver in Indiana. In response, Good Banana filed this action in Connecticut, which, as discussed here, does not have personal jurisdiction over BML. Courts both within and beyond the Second Circuit have uniformly held that sending a cease and desist letter into the forum state, without more, is insufficient to support an exercise of personal jurisdiction over the defendant. *See e.g.*, *Ehrenfeld v. Mahfouz*, 489 F.3d 542, 548 (2d Cir. 2007) ("A single cease and desist letter sent to a New York resident in an attempt to settle legal claims will not be sufficient to invoke personal jurisdiction"); *Fiedler v. First City Nat. Bank of Houston*, 807 F.2d 315, 318 (2d Cir. 1986) ("jurisdiction cannot be premised solely upon the only contacts alleged here—two telephone calls and a mailing"); *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 766 (2d Cir. 1983) (holding that sending a cease and desist letter into the forum state does not support the exercise of long arm jurisdiction); *Marlin Firearms, Co. v. Wild W. Guns, LLC*, No. 3:09-CV-921 RNC, 2013 WL 2405510, at *6 (D. Conn. May 31, 2013) (same); *Graphic Controls Corp. v. Utah Med. Prod., Inc.*, 149 F.3d 1382, 1387 (Fed. Cir. 1998) ("These [cease and desist] letters, however, are of insufficient quality and degree to be considered the 'transaction of business' under New York law because they do not constitute the purposeful availment").

The Cease and Desist Letter BML sent to Good Banana does not evidence any purposeful availment on the part of BML of Connecticut law. Indeed, the Cease and Desist Letter made no mention of Connecticut or Connecticut law whatsoever, relying instead upon Indiana law. The combination of a single cease and desist letter with two, unrelated employees working remotely within the forum state at their request, without more, is insufficient to establish personal jurisdiction over BML. *See Goodyear*, 564 U.S. at 927 ("A corporation's continuous activity of some sorts within a state… is not enough to support the demand that the corporation be amenable to suits unrelated to that activity"); *Bristol-Myers Squibb Co*. 137 S. Ct. at 1776 (Where no

connection exists between the forum and the underlying controversy, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State"); *Statek Corp.*, 2018 WL 834227, at *13 (same). Upon these facts, this Court's exercise of personal jurisdiction over BML would "offend traditional notions of fair play and substantial justice." *Goodyear*, 564 U.S. at 923. Accordingly, it is appropriate for this Court to dismiss Good Banana's Complaint in its entirety and with prejudice.

## **CONCLUSION**

Even when construing all facts in the light most favorable to Good Banana, BML lacks the requisite minimum contacts with the State of Connecticut to support this Court's exercise of personal jurisdiction over BML. BML has had—at most—three discrete contacts with the State of Connecticut: two employees who, at one time, worked remotely from their respective homes in Connecticut in a manner unrelated to the subject matter of this case, and the Cease and Desist Letter BML sent to Plaintiff and which relied solely on Indiana law. These contacts are insufficient to support this Court's exercise of personal jurisdiction over Defendant under either Connecticut's long arm statute, Conn. Gen. Stat. § 52-59b, or the Due Process Clause of the Fourteenth Amendment to the United States Constitution. As such, Plaintiff has failed to shoulder its burden to establish a *prima facie* case of jurisdiction, and this Court is justified in dismissing Good Banana's Complaint in its entirety.

For at least the foregoing reasons, this Court lacks personal jurisdiction over BML Rec, LLC. Accordingly, it is appropriate for this Court to grant BML's Motion, and dismiss Good Banana, LLC's Complaint in its entirety, pursuant to Fed. R. Civ. P. 12(b)(2), or else transfer this case to a district which has personal jurisdiction over BML, such as the District of Nebraska.

Respectfully submitted this 6th day of October, 2020.

BML REC, LLC, Defendant,

By:  /s/ James K. Robertson, Jr. ct05301/
     James K. Robertson, Jr.
     Carmody Torrance Sandak & Hennessey LLP
     50 Leavenworth Street
     Waterbury, CT 06702
     (203) 575-2636
     (203) 575-2600 (facsimile)
     JRobertsonJr@carmodylaw.com
-and-
     Daniel J. Fischer, (*pro hac vice pending*)
     Gabreal M. Belcastro, (*pro hac vice pending*)
     KOLEY JESSEN P.C., L.L.O.
     One Pacific Place, Suite 800
     1125 South 103rd Street
     Omaha, NE  68124-1079
     (402) 390-9500
     (402) 390-9005 (facsimile)
     Dan.Fischer@koleyjessen.com
     Gabreal.Belcastro@koleyjessen.com

*Attorneys for Defendant.*

## CERTIFICATE OF SERVICE

On this this 6th day of October, 2020, I electronically filed the above and foregoing with the Clerk of the U.S. District Court using the CM/ECF system which sent notification of such filing to all CM/ECF participants, including the following:

Patrick S. Tracey (CT Fed No. 28987)
BOWDITCH & DEWEY, LLP
101 Federal Street
Suite 1405
Boston, MA 02110
Telephone: 617-757-6504
Facsimile: 508-929-3020
E-mail: ptracey@bowditch.com

            /s/ James K. Robertson, Jr. ct05301/
            James K. Robertson, Jr.